# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| BILLY E. HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| vs. | ) | 4:11-cv-278-HLM-WEJ |
| | ) | _____ |
| BERRY PLASTICS CORPORATION, | ) | |
| F/K/A PLIANT CORPORATION | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, Billy E. Hyatt (hereinafter "Plaintiff" or "Hyatt"), by and through his undersigned counsel, and sets forth this Complaint for Damages against the above named Defendant. Berry Plastics Corporation formerly known as Pliant Corporation (hereinafter "Defendant Employer" or "Pliant") is a foreign for profit corporation doing business in the state of Georgia. Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1.

This action is for religious discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, et seq.

(hereinafter "Title VII") Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. The claims herein present a federal question thus jurisdiction is proper before this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

## VENUE

2.

All parties to this action reside or are located within the boundaries of this judicial district, and venue is proper pursuant to, inter alia, 28 U.S.C. Section 1391(b)(2) and 42 U.S.C. Section 2000e-(f)(3). Moreover the unlawful employment practices alleged below were committed within the geographic boundaries of the Rome Division, Northern District of Georgia of the United States District Court.

## PARTIES AND JURISDICTION

3.

This Court has personal jurisdiction over Defendant Employer.

4.

Defendant Employer may be served through its registered agent National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth GA 30096, if formal service of process is not waived.

# FACTS

5.

Defendant Employer is a manufacturer and producer of film and flexible packing products.

6.

Pliant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7.

Pliant is subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

8.

Plaintiff began working for Pliant around June, 2007.

9.

Plaintiff was hired for the position of extrusion line operator.

10.

Plaintiff's rate of pay at the time he was hired was approximately $15.00 per hour, but he received raises during the course of his employment.

11.

Plaintiff is a Christian and has been practicing as a Christian since he was a

child.

12.

Plaintiff's sincere religious belief as a Christian is that he should not wear any depiction of the number "666" as this number is a representation of Satan and/or that this number is the "sign of the beast." This belief is based on Revelation 13:18 of the Holy Bible which say that "666" is the mark of the beast"

13.

Further, in Revelation 14:10 the Holy Bible says that, i*f anyone …receives [the] mark… he …will drink the wine of God's wrath* [in effect you will be dammed to hell]. Plaintiff sincere religious belief is that to wear the number 666 would be to accept the mark of the beast and to be condemned to hell.

14.

Defendant Employer has hourly employees to clock in and out using a time clock. Above the time clock which hourly employees use is a safety calendar that records the number of accident-free days in the workplace.

15.

For each day the facility goes without a workplace accident, the number of days on the calendar is incremented by one. Accordingly, as the workplace goes 300 days without an accident, the safety calendar would read "300" and if no

accidents occurred, the next day the calendar would read "301."

16.

Employees have been directed to write the number off of the safety calendar onto a sticker and are to wear the sticker throughout the work shift.

17.

As the number of safely worked days crept into the range of the 600's, Plaintiff began discussing with his co-workers and supervisors that he could not wear the number 666 as this number was the sign of the beast and his religious beliefs forbid him from wearing this number.

18.

Specifically, on or around March 6, 2010, Plaintiff notified his supervisor, Joe Richard, that that the safety calendar was displaying "660" and Plaintiff expressed his concern that the safety calendar would read "666" in the next week or so, and if it did so, Plaintiff would be unable to wear a safety sticker with that number on it due to his religious beliefs.

19.

Plaintiff asked Joe Richard to accommodate his religious belief by changing the safety calendar to avoid 666. Mr. Richard told Plaintiff not to worry about the calendar reading "666" as it was possible for the employer to avoid posting 666

through the happening of some accident, allowing the calendar to stay at 665 for two days, or some other manipulation to prevent the safety calendar from displaying "666."

20.

Plaintiff sincerely believed that wearing a sticker with the number "666" on it would be abandoning his beliefs and his God, and would subject Plaintiff to damnation and would force Plaintiff to abandon his religious beliefs.

21.

On or around March 12, 2010, when Plaintiff entered the workplace the safety calendar above the time clock indicated that the firm had gone 666 days without a safety incident.

22.

Plaintiff sought Joe Richards to discuss his request for a religious accommodation. Mr. Richards indicated that he was not going to change the safety calendar, that Mr. Hyatt's beliefs were ridiculous, and that Mr. Hyatt could go to work with a "666" on his safety sticker or face a three (3) day suspension.

23.

Mr. Hyatt apologized that his religious views would not allow him to wear a sticker with 666 on it, and agreed to accept a three day suspension rather than wear

what Plaintiff considered to be "the Mark of the Beast."

24.

Plaintiff asked Mr. Richards if Plaintiff needed to complete any paperwork regarding the three day suspension; Plaintiff was directed to go home and that all the paperwork would be completed when Plaintiff returned to work.

25.

On or around March 16, 2011, Mr. Hyatt was contacted by a representative from Pliant human resources and was directed not to come back to work until a meeting scheduled for March 17, 2011.

26.

After Plaintiff arrived at the Pliant facility on March 17, 2011, Plaintiff was told that his employment was terminated for refusing to work on March 12, 2009.

27.

Defendant Employers written policies and/or practices do not require that an employee making a request for accommodations of religious beliefs and/or practices provide written documentation of the request.

28.

Pliant maintains a written attendance policy; under the provisions of Pliant's attendance policy, if Plaintiff had not gone to work on March 12, 2009, he would

have been subjected to a write-up.

29.

Despite the maximum sanction for Plaintiff missing a shift being a write-up and possible suspension, Plaintiff was subjected to more harsh consequences after he refused to wear a sticker with "666" on it.

30.

On or around September 4, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter the "EEOC"). A copy of this Charge is attached hereto as Exhibit "A" and is incorporated herein.

31.

On or around August 10, 2011, the EEOC issued Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as Exhibit "B" and is incorporated herein.

32.

This suit has been commenced within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue.

**FIRST CAUSE OF ACTION: TITLE VII RELIGIOUS DISCRIMINTION**

33.

Plaintiff incorporates by reference paragraphs 1-32, above, as if fully set

forth herein.

34.

Plaintiff had a sincere, bona fide religious belief that wearing the number "666" could condemn him to hell.

35.

Defendant Employer attempted to require Plaintiff to wear the number "666."

36.

Plaintiff communicated his religious belief to Defendant Employer.

37.

Defendant Employer could have reasonably accommodated Plaintiff by excusing Plaintiff from wearing a safety sticker without any detrimental effect on Defendant Employer's operations.

38.

Plaintiff was terminated for his sincere, bona fide religious belief.

**SECOND CAUSE OF ACTION: TITLE VII UNLAWFUL RETALIATION**

39.

Plaintiff incorporates by reference paragraphs 1-38, above, as if fully set forth herein.

40.

Plaintiff engaged in activities protected under Title VII of the Civil Rights Act of 1964, as amended, in opposing Pliant's requirements that employees wear stickers with "666" on such stickers as being contrary to Plaintiff's sincere religious belief.

41.

After Plaintiff's complaints, and because of his complaint of religious discrimination, Plaintiff suffered adverse employment actions including but not limited to immediate suspension, being treated more harshly than other employees in violation an established attendance policy, and, termination.

42.

As a direct and proximate result of Defendant Pliant's retaliatory conduct towards Plaintiff, Plaintiff suffered lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)     that Summons issue;

(b)     that Defendant Pliant be served with Summons and Complaint;

(c)     that trial by jury of all issues be had;

(d)     that judgment be issued against Defendant Pliant for any and all general,

special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)     for injunctive relief;

(f)     for all costs of this action to be taxed against the Defendant;

(g)     for all costs and attorney's fees to be awarded to Plaintiff;

(h)     for an award of compensatory damages, back-pay and front- pay; and,

(i)     for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 8th day of November, 2011.

/s/J. Stephen Mixon,
J. Stephen Mixon
Georgia Bar No. 514050
/s/ Alex R. Roberson
Alex R. Roberson
Georgia Bar No. 558117
Attorneys for Plaintiff

MILLAR & MIXON, LLC
108 Williamson Mill Rd.
Jonesboro, Georgia 30236
T: 770-955-0100
F: 678-669-2037
steve@mixon-law.com
alex@mixon-law.com

/s/ S. Fenn Little, Jr.
Samuel Fenn Little, Jr.
Georgia Bar No. 454360
Attorney for Plaintiff

Fenn Little & Assoc.
1708 Peachtree Street, N.W.
Suite 201
Atlanta, Georgia 30309
T: 404-815-3100
F: 404-521-4029
fennlaw@fennlittle.com